UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE AGRIBUSINESS INSURANCE CO.,<br><br>Defendant. | 4:21-CV-4101-LLP<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Pending before the Court are cross motions for summary judgment filed by Plaintiff Sharon Anderson ("Anderson") and Defendant Nationwide Agribusiness Insurance Co. ("Nationwide"). For the following reasons, Nationwide's motion for summary judgment is granted and Anderson's motion for summary judgment is denied.

## BACKGROUND

On or about December 23, 2016, Sharon Anderson was driving a 2011 John Deere Gator owned by her employer, William Klein ("Klein"), down U.S. Highway 45 approximately 1.7 miles south of Gann Valley, South Dakota when she was involved in a collision with Duane Spangler ("Spangler"). (Doc. 13, ¶ 1; 15, ¶ 1). The Gator was not registered to be driven as a vehicle on a public highway. Prior to the collision, Anderson had taken the Gator to Klein's residence to put his goats back in the barn, feed the outdoor cats, check the horses' hay, and then go get Klein's mail because they were traveling. (Doc. 13, ¶ 2; 15, ¶ 2). Anderson had completed getting Klein's mail and was driving south to the residence that Klein had provided to Anderson and her husband as part of their employment when she was struck by Spangler on Highway 45 when heading into her driveway on Coyote Hollow Road. (Doc. 13, ¶¶ 3-6; 15, ¶¶ 3-6). Anderson sued Spangler for negligence as a result of the collision and settled with him for $60,000. (Doc. 13, ¶ 7; 13, ¶ 7).

At all applicable times to the present lawsuit, Klein had a Business Auto Policy through Nationwide for his farm where Anderson was employed. (Doc. 13, ¶ 11; 15, ¶ 11). The Business Auto Policy included an Uninsured and Underinsured Motorists Coverage ("UIM") Endorsement. (Doc. 13, ¶ 11; 15, ¶ 11). After settling with Spangler, Anderson sought underinsured motorist

1

coverage from Nationwide. (Doc. 13, ¶ 8; 15, ¶ 8). Nationwide issued a denial letter to Klein as to underinsured motorist coverage citing lack of coverage for the Gator under the Business Auto Policy and reaffirmed that denial to Anderson's attorney. (Doc. 13, ¶ 9; 15, ¶ 9). Anderson thereafter sued Nationwide and is seeking to recover "the full amount of contractual UIM benefits available under [ ] Klein's policies with Nationwide as a result of the collision while operating the [Gator] on the roadway." (Doc. 1).

Pending before the Court are cross motions for summary judgment filed by the parties to this matter. The matter has been fully briefed and the Court heard oral argument on the motions on August 15, 2022.

## STANDARD OF REVIEW

When cross-motions for summary judgment are presented to the Court, the standard summary judgment principles apply with equal force. *Wright v. Keokuk County Health Center*, 399 F.Supp.2d 938, 945-46 (S.D. Iowa 2005). Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet this burden, the moving party must identify those portions of the record which demonstrate the absence of a genuine issue of material fact, or must show that the nonmoving party has failed to present evidence to support an element of the nonmovant's case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party has met this burden, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir.2005) (quoting *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). "[T]he mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment. . . . Instead, 'the dispute must be outcome determinative under prevailing law.'" *Id.* at 910-11 (quoting *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir. 1992)).

"The filing of cross-motions does not concede the absence of a triable issue of fact. The court is bound in such cases to deny both motions if it finds . . . there is actually a genuine issue of material fact." *Jacobson v. Md. Cas. Co.*, 336 F.2d 72, 75 (8th Cir. 1964). When faced with cross-motions for summary judgment, the normal course for the trial court is to "consider each motion

separately, drawing inferences against each movant in turn." *EEOC v. Steamship Clerks Union, Local 1066*, 48 F.3d 594, 603 n.8 (1st Cir. 1995); *see also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

"Where the facts upon which liability is claimed or denied under an insurance policy are undisputed and the existence or amount of liability depends solely upon a construction of the policy, the question presented is one of law . . . ." *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386, 1392 (8th Cir. 1996).

## DISCUSSION

The Schedule of Named Insureds in the Business Auto Policy lists William J. Klein, an individual, and Gayle Klein, an individual, as Named Insureds. The Business Auto Policy provides for UIM coverage to an individual "insured" which, under the UIM endorsement, is defined as follows:

> **B.    Who Is An Insured**
>
> If the Named Insured is designated in the Declarations as:
>
> 1.    An individual, then the following are "insureds":
> a.    The Name Insured and any "family members".
> b.    Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
> . . . .

(Doc. 12-1 at 87).

### I.    Is the Gator a "covered auto"?

Nationwide argues that Anderson is not entitled to UIM benefits under B.1.b. of the UIM Endorsement to the Business Auto Policy because the Gator was not a covered auto at the time of the accident. This Court agrees. "Item Two" of the Business Auto Policy Declarations provides:

> **Schedule of Coverages and Covered Autos**
>
> This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as

3

covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTOS section of the Business Auto or Motor Carrier Coverage Form next to the name of the coverage.

(Doc. 12-1 at 53). The Business Auto Policy Declarations shows that Klein was charged a premium in the amount of $726.00 for UIM coverage. (Doc. 12-1 at 53). The symbol "7" is entered next to the "Underinsured Motorists" in the "Covered Autos" section of the Business Policy. (Doc. 12-1 at 53). The Business Auto Policy provides that "[i]f Covered Auto Designation Symbol 7 is shown in Item Two of the Declarations, the Description of Covered Auto Designation Symbols for Medical Payments, Uninsured Motorists Coverage and Underinsurance Motorists Coverage will be amended as follows: Specifically Described "Autos"—Only those 'autos' described in Item Three of the Declarations if a premium and a limit are shown in Item Two of the Declarations for MEDICAL PAYMENTS, UNINSURED MOTORISTS, or UNDERINSURED MOTORISTS Coverage." (Doc. 12-1 at 85). "Item Three" of the Business Auto Policy Declarations identifies various covered autos owned by Klein by vehicle year, model, and VIN Number. The Business Auto Policy does not identify the Gator being driven by Anderson at the time of the accident as a "covered auto" owned by Klein and Anderson is therefore not an "insured" under section B.1.b. of the UIM endorsement of the Policy. (Doc. 12-1).

## II.     Is Anderson a Named Insured?

"Item Five" of the Business Auto Policy Declarations details the "Schedule of Nonownership Coverage." (Doc. 12-1 at 58). "Item Five" shows that Klein paid a premium in the amount of $162.00 to provide Liability Coverage for two employees. (Doc. 12-1 at 58). Although the employees are not listed by name in the Business Auto Policy, in oral argument, the parties agreed that Sharon Anderson was one of the two employees referenced in the Declarations. Plaintiff argues that she is therefore a "Named Insured" and has UIM coverage under the Business Auto Policy.

The Business Auto Policy does not define a "Named Insured." The interpretation of an insurance policy is governed by state law whereas here, federal jurisdiction is based on diversity of citizenship. *See Secura Ins. v. Horizon Plumbing, Inc.*, 670 F.3d 857, 861 (8th Cir. 2012). The South Dakota Supreme Court has explained that courts must construe an insurance contract's language "with reference to the policy as a whole and the plain meaning and effect of its words."

4

*Cornelius v. Nat'l Cas. Co.*, 813 N.W.2d 167, 169 (S.D. 2012). "Where the facts upon which liability is claimed or denied under an insurance policy are undisputed and the existence or amount of liability depends solely upon a construction of the policy, the question presented is one of law. . . ." *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386, 1392 (8th Cir. 1996).

The Court concludes that in reference to the policy as a whole and the plain meaning of its words, Sharon Anderson is not a "Named Insured." The Business Auto Policy Declarations list the "Named Insured" as William J. Klein and instructs readers to "See Schedule." (Doc. 12-1 at 53). The Schedule of Named Insureds in the Business Auto Policy Declarations list William J. Klein, an individual, and Gayle Klein, an individual, as Named Insureds. (Doc. 12-1 at 54). Sharon Anderson is not listed as a "Named Insured."

Concluding that Sharon Anderson is not a "Named Insured" under the Business Auto Policy is consistent with the usage of term "Named Insured" throughout the Policy. For example, the Business Auto Coverage Form states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." (Doc. 12-1 at 62). Sharon Anderson is not listed as a "Named Insured in the Declarations—only William J. Klein and Gayle Klein are so designated. The Policy also provides that "[t]he Named Insured shown in the Declarations is amended to include any organization you newly acquire or form, other than a partnership, joint venture, or limited liability company, and over which you maintain ownership or majority . . . interest." (Doc. 12-1 at 75). The UIM endorsement provides that if the "Named Insured" is individual, the insured includes not only the "Named Insured," but also any family members. (Doc. 12-1 at 53). If the Court was to conclude that Sharon Anderson was a Named Insured under the Business Auto Policy, then according to other Policy provisions, insurance coverage would extend not only to some new organizations formed or acquired by Anderson, but also to her family members. No such policy construction can be made. Instead, Anderson alone is an unnamed insured employee for auto liability under the Business Auto Policy. The South Dakota Supreme Court has stated that "while uninsured and underinsured motorist coverage is to be given a liberal interpretation, coverage should not be created where there is none." *Gloe v. Iowa Mut. Ins. Co.*, 694 N.W.2d 238, 249 (S.D. 2005) (cleaned up).

The Policy itself does not define "Named Insured" but it repeatedly uses those terms. The Court also observes that finding Sharon Anderson to be a Named Insured under the terms of the

Business Auto Policy would be inconsistent with the statutory definition of a "Named insured" under South Dakota law. SDCL § 58-23-6(5) defines a "Named insured" as "the individual or individuals designated by name as specifically insured in the policy declaration." As discussed above, nowhere is Sharon Anderson specifically designated by name in the Business Auto Policy, only William J. Klein and Gayle Klein are so designated. For these reasons, the Court concludes that Sharon Anderson is not a Named Insured under section B.1.a. of the UIM endorsement and is therefore not entitled to UIM benefits.

### III. Summary

The Business Auto Policy at issue in this case provides for UIM coverage to an individual "insured" which under the UIM endorsement to the Policy is defined in pertinent part as "the Named Insured and any 'family members'" or "anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'. . . ." As discussed above, under the Policy's plain language, Sharon Anderson is not a "Named Insured" and the Gator occupied by Anderson at the time of the accident was not a covered auto. Therefore, Anderson is not an "insured" under the UIM endorsement of the Business Auto Policy and was not legally entitled to UIM benefits.

Accordingly, it is hereby ORDERED that Defendant Nationwide's Motion for Summary Judgment (Doc. 11) is GRANTED and Plaintiff Anderson's Motion for Summary Judgment (Doc. 17) is DENIED.

Dated this 17th day of August, 2022.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____